JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 12 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE McDONALD'S FRANCHISE    )    DOCKET NO. 385
ANTITRUST LITIGATION          )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of four actions, one each pending in the Southern District of Florida, the Eastern District of Virginia, the Northern District of Illinois and the District of Arizona. The complaint in each action challenges certain franchise practices of McDonald's Corporation (McDonald's).

McDonald's is a franchisor of over 4,000 fast food restaurants, located both in this country and throughout Canada. McDonald's System, Inc., a wholly-owned subsidiary of McDonald's, owns approximately 25 percent of all McDonald's franchises, while individual operators own the remainder of the franchises. In most instances, McDonald's locates the proposed site for a restaurant, and then arranges for the planning and construction of the premises. A second wholly-owned subsidiary of McDonald's, Franchise Realty Interstate Corporation (Franchise Realty), currently either owns or leases the property upon which over 99 percent of the McDonald's restaurants are located. After the construction of a given restaurant, McDonald's either retains ownership

of the restaurant through McDonald's System or offers the restaurant to a current or a potential franchisee. The license of the franchise and the lease of the underlying property generally are for a twenty-year period.

The Florida action was commenced in 1973 by two McDonald's franchisees located in Florida [1] against McDonald's, McDonald's System and Franchise Realty. The complaint in this action alleges that numerous aspects of defendants' franchising program violate the federal antitrust and the federal securities laws. In particular, plaintiff alleges that defendants, in violation of Section 1 of the Sherman Act, have conditioned the grant of a McDonald's franchise upon 1) the lease or sublease, at an artificially high rental rate, from Franchise Realty of the land and building where a franchisee operates the restaurant (the real estate tying claim); and 2) the loan[2] of money to McDonald's, usually in the amount of $15,000, for a period of from fifteen to twenty years, as evidenced by a promissory note of McDonald's to each franchisee (the promissory note tying claim).

The Florida action was commenced as a class action on behalf of all McDonald's present or former franchisees located in the United States. In late 1977, the Florida

---

[1] One of these two plaintiffs has settled all his claims against defendants, and those claims have been dismissed with prejudice.

[2] Defendants characterize this "loan" as a "security deposit.

district court denied plaintiff's motion for class certification insofar as the real estate tying claim was concerned. Defendants have filed a motion for summary judgment concerning that claim. On June 22, 1978, the Florida district court ruled that plaintiff's promissory note tying claim would be considered on the "test case" approach set forth in Katz v. Carte Blanche Corp., 496 F. 2d 747 (3d Cir.), cert. denied, 419 U.S. 885 (1974). The Florida district court further ordered that a determination of liability on the promissory note tying claim in favor of the plaintiff would result in certification of a class defined to include all persons, including corporations, who have been McDonald's franchisees at any time since April 19, 1969. Defendants have also filed a motion for summary judgment on the promissory note tying claim.

In addition to substantial pretrial proceedings on the class determination and summary judgment issues, extensive discovery and other pretrial proceedings have occurred in the Florida action.

The Virginia action was brought in June, 1978, by the franchisees of two McDonald's restaurants located in Virginia against the same three defendants involved in the Florida action -- McDonald's, McDonald's System and Franchise Realty. The factual allegations of the complaint in the Virginia action, which was commenced pursuant to the federal and Virginia securities and antitrust laws and the Virginia Retail Franchising Act, are very similar to those raised

in the Florida complaint. In particular, the complaint in the Virginia action challenges McDonald's alleged real estate and promissory note tying arrangements as violative of Section 1 of the Sherman Act. On January 16, 1979, the Virginia district court granted defendants' motion for summary judgment concerning some of the federal securities and state law issues with respect to plaintiffs' promissory note tying claim.

Discovery has been completed in the Virginia action, and that action has been scheduled for trial commencing on July 17, 1979. Defendants represent in their pleadings before us that plaintiffs in the Virginia action[3] "have sought and obtained understandings with McDonald's counsel for the use of transcripts of certain depositions originally taken in the [Florida action] and have taken coordinated depositions applicable to both cases. Additional coordination of this type has been discussed."

The Illinois action was commenced in **early 1977 against** McDonald's System and Franchise Realty by the franchisees of two McDonald's restaurants located in Wisconsin. The complaint in the Illinois action alleges that McDonald's practice of tying the licensing of its restaurants to 1) the lease of the property underlying the restaurant from Franchise Realty, and 2) the purchase of Coca Cola, constitute illegal tying arrangements and violate Section 1 of the Sherman Act.

---

[3] Plaintiff in the Florida action and plaintiffs in the Virginia action are represented by the same counsel.

Plaintiffs in the Illinois action sought to represent a class composed of all current McDonald's franchisees. On January 5, 1979, the Illinois district court certified two classes in this action. The first, relating to the real estate tying claim, consists of all franchisees who acquired a McDonald's franchise after McDonald's established the policy of requiring franchisees to **lease from Franchise Realty the property upon which the restaurant was located.** The second class, relating to the Coca Cola claim, is composed of all franchisees. Martino v. McDonald's System, Inc., 81 F.R.D. 81 (N.D.Ill. 1979). Defendants in the Illinois action have moved for reconsideration of the decision to certify these two classes.

The parties in the Illinois action have advised the Panel that most discovery in that action has to date been limited to class action issues.

The Arizona action was filed in July, 1977, against McDonald's, McDonald's System, Franchise Realty, McDonald's Business Facilities Corporation (a subsidiary of McDonald's), and numerous individuals and entities that operate McDonald's franchises in the State of Arizona. Plaintiffs in this action are five individuals who, in various combinations, operate five franchised McDonald's restaurants in or near Phoenix, Arizona.[4/] Plaintiffs allege that defendants, in

---

[4/] The Arizona plaintiffs lease or sublease from certain defendants four of the five premises at which plaintiffs' franchised businesses are conducted. The fifth restaurant operated by these plaintiffs is one of the few instances where the franchisee owns the premises or leases from someone other than McDonald's. See Martino v. McDonald's System, Inc., supra, 81 F.R.D. at 88 n.4 and accompanying text.

violation of Section 1 of the Sherman Act and the Arizona antitrust laws, have conspired to restrain interstate trade and commerce unreasonably and "have restrained such trade and commerce by unreasonably restricting free and open competition between restaurant operators, firms leasing land, firms constructing buildings, firms franchising restaurant operations and buyers and sellers of restaurant franchises, firms selling insurance, and firms supplying advertising services ...." In addition, the complaint alleges that, in violation of Section 2 of the Sherman Act and the Arizona antitrust laws, certain defendants have attempted to monopolize, conspired to monopolize and have in fact monopolized "the retail sale of sandwiches, french fries, beverages and other products sold in conjunction with the McDonald's trademarks and service marks in the United States and in the Phoenix, Arizona area ...." In furtherance of these allegedly illegal activities, plaintiffs claim, defendants have tied the grant of a McDonald's franchise to, <u>inter alia</u>, 1) the lease or sublease from Franchise Realty of the real estate upon which a restaurant is to be located,[5] and 2) the purchase by a prospective franchisee of a promissory note from McDonald's. Additional counts in the Arizona complaint allege various breaches of contract, seek cancellation of numerous McDonald's service marks, and seek adjudications that some of McDonald's form franchise clauses are unenforceable.

---

[5] Plaintiffs in the Arizona action deny that the real estate tying allegations of their complaint constitute a "claim." Because of our disposition of the motion before us, we need not reach this issue. For purposes of convenience, however, we have referred to the real estate tying allegations in the Arizona complaint as a "claim" throughout this opinion and order.

Substantial discovery and other pretrial proceedings have already occurred in the Arizona action. For example, defendants, in their papers before the Panel, assert that several thousand pages of deposition testimony have been taken and that over 100,000 documents have been produced.

Plaintiff in the Florida action and plaintiffs in the Virginia action have moved the Panel,[6/] pursuant to 28 U.S.C. §1407, to centralize the real estate tying claims involved in all actions.[7/] These plaintiffs favor the Northern District of Illinois as the transferee forum. McDonald's, McDonald's System, Franchise Realty and plaintiffs in the Arizona action oppose Section 1407 transfer of the real estate tying, or any other, claims involved in this litigation. Plaintiffs in the Illinois action state that they take no position on the Section 1407 motion. No response has been received from any other party.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this

---

6/ The motion was originally made solely by the Florida plaintiff. A reply memorandum in support of the motion, however, was submitted by the Florida plaintiff and the Virginia plaintiffs.

7/ One additional potentially related action -- Marane, Inc. v. McDonald's Corporation, et al., C.A. No. 79 C 816 -- is also pending in the Northern District of Illinois. This action was not included on the Schedule of Actions attached to the motion for transfer under Section 1407. Because of our disposition of that motion, we need not determine whether any of the claims in Marane are appropriate for Section 1407 transfer as a tag-along action.

litigation. Accordingly, we deny the motion to transfer.

Movants argue that the real estate tying claims in the actions before us raise a number of significant common questions of fact and will entail identical or overlapping discovery and legal issues. Thus, movants contend, Section 1407 transfer of these claims is necessary to prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the time and effort of the parties, the witnesses and the judiciary. Transfer is particularly appropriate, movants maintain, because plaintiffs in the Virginia action, some of the plaintiffs in the Arizona action and plaintiff in the Florida action are included within the real estate tying claim class recently certified in the Illinois action.

While we recognize that the real estate tying claims in the four actions before us involve common questions of fact, we are not persuaded, because of the overall status of pretrial proceedings in these actions, that Section 1407 transfer is appropriate. All discovery has been concluded in the Virginia action, and trial is imminent in that action. The Florida action has been pending for several years and,

on the basis of the record before us, discovery on the real estate tying claim in that action is nearly, or perhaps entirely, completed. Therefore, nothing would be acheived by including those two actions in coordinated or consolidated pretrial proceedings. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975). Moreover, we anticipate no possibility of duplicative discovery with regard to the remaining actions in this litigation. As we have already noted, movants and McDonald's, McDonald's System and Franchise Realty have already agreed to use certain depositions in more than one action in this litigation. More importantly, at the Panel hearing counsel for these three defendants agreed to a binding stipulation that all discovery in any of the actions before us, to the extent that discovery is relevant to the other actions, may be used in the other actions as if taken in those actions.[8] Transcript at 20, 31-32. See In re Women's Clothing Antitrust Litigation, 455 F.Supp. 1388, 1390-91 (J.P.M.L. 1978); In re American Financial Corporation Litigation, 434 F.Supp. 1232, 1234-35 (J.P.M.L. 1977). Should this stipulation fail to eliminate any potential discovery problems, any party could seek orders from the involved district courts directing the parties to harmonize their remaining pretrial efforts. See In re Women's Clothing Antitrust Litigation, supra, 455 F.Supp. at 1391.

---

8/ Since the Illinois action before us and the potential tag-along action pending in the Northern District of Illinois are both assigned to the same judge, he can easily take any steps he views appropriate to ensure that no duplicative discovery occurs with regard to the potential tag-along action. See In re American Financial Corporation Litigation, 434 F.Supp. 1232, 1235 (J.P.M.L. 1977).

-10-

Finally, we are convinced that consultation and cooperation among the concerned district courts, if viewed appropriate by those courts, coupled with the continued cooperation of the parties, will minimize the possibility of conflicting pretrial rulings. See id.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

MDL-385 -- IN RE McDONALD'S FRANCHISE ANTITRUST LITIGATION

| DISTRICT OF ARIZONA | CIVIL ACTION NO. |
|---|---|
| Ina Levine, et al. v. McDonald's Corp. | CIV-77-601-PHX-WPC |
| **SOUTHERN DISTRICT OF FLORIDA** | |
| Lloyd Kypta v. McDonald's Corp., et al. | 73-678-Civ-JE |
| **NORTHERN DISTRICT OF ILLINOIS** | |
| Michael Martino, et al. v. McDonald's System, Inc., et al. | 77-C-98 |
| **EASTERN DISTRICT OF VIRGINIA** | |
| Frank A. Principe, et al. v. McDonald's Corp., et al. | 78-0601 |